IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN NATHAN WEST, SR.,

    Plaintiff,            No.  2:12-cv-2392 KJN P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.        <u>ORDER</u>

                              /

        Plaintiff, a county prisoner proceeding without counsel or "pro se," has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a). Therefore, plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee.

        In addition, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the

1

court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

This action is at a very early stage, prior to review of the complaint. Moreover, plaintiff's request for counsel is a one-page form request that fails to articulate reasons that counsel should be appointed that are specific to the instant litigation. For these reasons, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. The court notes, however, without deciding, that plaintiff's request may more appropriately be directed to the county public defender's office.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in the dismissal of this action;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner; and

3. Plaintiff's September 19, 2012 motion for the appointment of counsel (Dkt. No. 2) is denied without prejudice.

DATED: September 24, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

west2392.3a+31