1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JONATHAN NATHAN WEST, SR.,

11              Plaintiff,                    No.  2:12-cv-2392 KJN P

12         vs.

13   STATE OF CALIFORNIA, et al.,

14              Defendants.            ORDER

15   _____/

16              Plaintiff, a county prisoner proceeding without counsel or "pro se," has filed a

17   civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not, however, filed an in forma

18   pauperis affidavit or paid the required filing fee.  See 28 U.S.C. §§ 1914(a), 1915(a).  Therefore,

19   plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a

20   request to proceed in forma pauperis or to submit the appropriate filing fee.

21              In addition, plaintiff requests that the court appoint counsel.  District courts lack

22   authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v.

23   United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court

24   may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1);

25   Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332,

26   1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the

1

1    court must consider plaintiff's likelihood of success on the merits as well as the ability of the

2    plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

3    Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in

4    declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the

5    plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and

6    limited law library access, do not establish exceptional circumstances that warrant a request for

7    voluntary assistance of counsel.

8            This action is at a very early stage, prior to review of the complaint.  Moreover,

9    plaintiff's request for counsel is a one-page form request that fails to articulate reasons that

10   counsel should be appointed that are specific to the instant litigation.  For these reasons, the court

11   finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances

12   warranting the appointment of counsel at this time.  The court notes, however, without deciding,

13   that plaintiff's request may more appropriately be directed to the county public defender's office.

14           In accordance with the above, IT IS HEREBY ORDERED that:

15           1.  Plaintiff shall submit, within thirty days from the date of this order, an affidavit

16   in support of his request to proceed in forma pauperis on the form provided by the Clerk of

17   Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in the

18   dismissal of this action;

19           2.  The Clerk of the Court is directed to send plaintiff a new Application to

20   Proceed In Forma Pauperis By a Prisoner; and

21           3.  Plaintiff's September 19, 2012 motion for the appointment of counsel (Dkt.

22   No. 2) is denied without prejudice.

23   DATED:  September 24, 2012

24                                          _____
                                            KENDALL J. NEWMAN
25                                          UNITED STATES MAGISTRATE JUDGE

26   west2392.3a+31