IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN NATHAN WEST, SR.,

    Plaintiff,                         No. 2:12-cv-02392 KJN P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.                 ORDER

_____/

         Plaintiff is a Butte County Jail detainee proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302, and 28 U.S.C. § 636(b)(1).

         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, because the complaint must be dismissed, and it appears unlikely that plaintiff can state a potentially cognizable claim in an amended complaint based on the same allegations, the court will defer ruling on plaintiff's application to proceed in forma pauperis. Should plaintiff file an amended civil rights complaint, the court will grant plaintiff's in forma pauperis application, which will require plaintiff to pay the filing fee in installments, by regular withdrawals from his jail or prison trust account.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////
////
////
////

1    Pursuant to his First Amended Complaint[1] (Dkt. No. 7), plaintiff names as
2 defendants the State of California, and Butte County Deputy District Attorney Kimberly Wah.
3 Plaintiff challenges the criminal charges brought against him by Wah on August 30, 2012, and
4 his resulting conviction, including application of the Three Strikes Law, and plaintiff's loss of
5 custody of his two children.  Plaintiff alleges that Wah "submitted false documents [and]
6 committed perjury."  (Dkt. No. 7 at 4.)  Plaintiff seeks release from jail, an apology, custody of
7 his children, and money damages in the amount of $1,013,000.  (Id. at 3.)
8    Review of plaintiff's complaint indicates that the claims asserted therein may not
9 be cognizable in a federal civil rights action.  In Heck v. Humphrey, 512 U.S. 477 (1994), the
10 United States Supreme Court held that a civil rights action premised on an allegedly
11 unconstitutional conviction or imprisonment cannot be maintained absent proof "that the
12 conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
13 invalid by a state tribunal authorized to make such determination, or called into question by a
14 federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.
15 Under Heck, the court is required to determine whether a judgment in plaintiff's favor in the
16 instant case would necessarily invalidate his underlying conviction or sentence.  Id.  If it would,
17 the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has
18 been invalidated.  Id.; see also Osborne v. District Attorney's Office for Third Judicial District,
19 423 F.3d 1050, 1053 (9th Cir. 2005) (Heck test applies to civil rights actions for injunctive relief
20 as well as those for money damages).
21    Examination of plaintiff's complaint indicates that a judgment in this court, in
22 plaintiff's favor would necessarily require invalidation of plaintiff's conviction and/or sentence,
23 and therefore appears to be "Heck-barred."  So construed, plaintiff may not pursue his allegations

---

[1] Subsequent to filing his original complaint (Dkt. No. 1), plaintiff filed a First Amended Complaint (Dkt. No. 7), which is the operative complaint pursuant to Fed. R. Civ. P. 15(a)(1) (party may amend his pleading once as a matter of course within 21 days after serving it).

in a federal civil rights action unless he can demonstrate that his conviction or sentence have already been overturned.  Moreover, as a general rule, plaintiff is required to exhaust available administrative remedies before filing a federal civil rights action.  42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001).

The following additional problems beset plaintiff's First Amended Complaint as framed.  The State of California is not a proper defendant.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). The State of California has not consented to suit.  Accordingly, plaintiff may not name the State of California as a defendant in this action.

Moreover, plaintiff's prosecutorial misconduct claim, against Butte County prosecutor Kimberly Wah, does not appear to be cognizable as a civil rights claim, at least at this time.  Prosecutorial misconduct rises to the level of constitutional deprivation when it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1984); Darden v. Wainright, 477 U.S. 168, 181 (1986).  A federal challenge to a state conviction or sentence must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Preiser v. Rodriguez, 411 U.S. 475 (1973), and the petitioner is required to first exhaust his state court remedies, 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).  It is unlikely that plaintiff/petitioner herein has had sufficient time to exhaust state court remedies on a habeas challenge to his conviction and/or sentence.

For these reasons, plaintiff's First Amended Complaint, alleging a violation of plaintiff's civil rights, must be dismissed.  Dismissal is without prejudice to the filing of a Second Amended Complaint that alleges a cognizable civil rights claim, or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which demonstrates exhaustion of state court

remedies. Alternatively, plaintiff may request dismissal of this action without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The court defers consideration of plaintiff's application to proceed in forma pauperis;

2. The First Amended Complaint is dismissed;

3. The Clerk of Court is directed to send plaintiff the forms used by prisoners in this district for filing: (1) a civil rights complaint; and (2) a petition for writ of habeas corpus.

.          4. Plaintiff shall, within thirty days after the filing date of this order, complete the attached Notice of Amendment and submit the following to the court:

a. The completed Notice of Amendment;

b. An amended pleading, prefaced by one of the forms provided herein by the Clerk of Court, and clearly designated either a Second Amended Complaint pursuant to 42 U.S.C. § 1983, or a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

c. Alternatively, if plaintiff concludes that his claims do not meet the requirements for filing either an amended civil rights complaint or a petition for writ of habeas corpus, plaintiff may request the voluntary dismissal of this action without prejudice.

5. If plaintiff fails to timely respond to this order, the court will recommend dismissal of this action without prejudice.

SO ORDERED.

DATED: October 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

west2392.scrn.dsms.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN NATHAN WEST, SR.,

      Plaintiff,                    No. 2:12-cv-02392 KJN P

   vs.

STATE OF CALIFORNIA, et al.,

      Defendants.        <u>NOTICE OF AMENDMENT</u>

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Second Amended Complaint

         or

      _____      Petition for Writ of Habeas Corpus

Alternatively:

      _____      Plaintiff requests voluntary dismissal of this action without prejudice.

_____      _____
Date                                         Plaintiff